### PENUIEL K. STEVENS *v.* FRANCIS M. FISK.

A resolutory condition is implied in all commutative contracts, to take effect in case either party fails to comply with his engagements. C. C. 2041.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Emerson*, for the plaintiff.

*Upton*, for the appellant.

MORPHY, J. This suit is brought to rescind a sale made by the plaintiff to the defendant of one undivided half of his interest in a new invention, called " P. K. Stevens' Accelerating Power Press," together with one half of all the rights and privileges to be conferred on him by a patent he had prayed for. The petitioner states that, among other things and conditions to be performed on the part of said Fisk, he engaged to advance funds sufficient to erect and put into complete operation prior to the first of November, 1841, one of said presses, with all the necessary apparatus ; and that, in case the press should work well when thus put up, the said Fisk bound himself to make further advances to get up another press, and to provide suitable buildings and a suitable place for said presses. He avers that although he has fulfiled his part of the contract, the said Fisk refuses to comply with the conditions thereof, and especially to

put up another press, and to provide the buildings necessary to carry on the business of compressing cotton, and that he will neither execute the contract nor agree to rescind it. The defence is, that the invention purporting to have been sold by the plaintiff is a useless and worthless one, and by no means such as he described and warranted it to be ; that defendant has not neglected or refused to do what he had engaged to do, but that, on the contrary, to his own injury and loss, he has made other and greater advances in money, materials, &c., than were at first contemplated, and this at the special instance and request of the plaintiff, and upon representations of his which have since been found to be false. The defendant avers that these advances amount to the sum of $900, which he claims in reconvention against the plaintiff. The court below gave a judgment in favor of the latter, and the former appealed.

The record shows that the defendant erected a temporary wooden building in Tchoupitoulas street, put up one press, and worked it a short time, after which he refused to put up another press, or to make the necessary buildings, and abandoned all further operations. The plaintiff called upon him either to go on and execute his contract, or to rescind it, and put him in default on the 25th of May, 1842. The excuse offered by the defendant for his failure to comply with the conditions of the contract was, that the press was worthless, and did not answer the representations made of it by the plaintiff. The latter, in the act of sale, had guarantied that one of these presses, with one horse and two *plateaux*, would press 250 bales of cotton per day in as good a manner as can be done by a screw press. In relation to the usefulness and efficiency of the new press the testimony is contradictory, some of the witnesses pronouncing it a failure, while others considered the machine a good one, and said that with one horse, changed at proper intervals of time, it could press from 250 to 280 bales per day. The testimony and opinion of the latter witnesses receive much weight from an advertisement published by the defendant in the Bulletin, in April and May, 1842, in which he says he has tested the ability of the new lever press to compress cotton, by repeated experiments, invites public patronage, and guaranties to perform with it as well as

any other press in the city.   The object of the parties in making the contract, was clearly to engage in the business of compressing cotton.   It was the main consideration for which the conveyance was made to the defendant.   By failing to do the things necessary to carry the contract into execution, and by entirely withdrawing from it, the defendant has given plaintiff the right to pray for its recission.   In all commutative contracts the law implies a resolutory condition, to take effect in case either party fails to comply with his engagement.   Civil Code, art. 2041.

*Judgment affirmed.*